IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. STEVENSON AND O. DARA STEVENSON | § § § | PLAINTIFFS |
| VERSUS | § § | CAUSE NO. 1:08cv285-LG-RHW |
| BROTHERS OF THE SACRED HEART, et al. | § § § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING REMAND

BEFORE THE COURT is Plaintiffs Michael D. Stevenson and O. Dara Stevenson's [6] Motion to Remand.  The issues before the Court are whether Dara is improperly joined because his claims are time-barred and he lacks privity of contract with Sacred Heart.  The Court has considered the parties' submissions, the record, and the relevant legal authority.  The motion is granted.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this action for contract and tort claims arising from the alleged sexual and mental abuse of Michael while he was a student at St. Stanislaus, during the 1983-84 school year.  Michael's father Dara enrolled him in the school.  The Complaint alleges that St. Stanislaus is run by Sacred Heart and that Leimbach is the school employee and Sacred Heart member that abused Michael.  The Complaint alleges that Michael was at all times under the disabilities of minority and unsoundness of mind.  Further, the Complaint states that Defendants fraudulently concealed the abuse.  According to the allegations, Plaintiffs did not discover the abuse until Michael's unsoundness of mind resolved in November of 2006.

Plaintiffs initiated an identical action before this Court styled, *Stevenson v. Brothers of the Sacred Heart*, 1:07cv943-LG-JMR, on July 13, 2007.  This Court questioned its subject

matter jurisdiction, and requested briefs. Sacred Heart argued Dara was improperly joined. The Court found that there was a lack of complete diversity, because the complaint included a Louisiana plaintiff (Dara) and Louisiana defendant (Sacred Heart). The Court dismissed the first case, without prejudice, on June 30, 2008.

Plaintiffs initiated the instant case in the Circuit Court of Hancock County, Mississippi. Sacred Heart removed it, raising improper joinder.

## DISCUSSION

Sacred Heart argues Dara is improperly joined because his claims are untimely and he lacks privity of contract with Sacred Heart. Defendants bear the burden of establishing jurisdiction. *Rivet v. Regions Bank*, 108 F.3d 576, 582 (5th Cir. 1997). Doubts about whether removal jurisdiction is proper should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Moreover, Defendants have a "heavy burden" to establish improper joinder. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 576 (5th Cir. 2004).

Improper joinder may be shown if there is no reasonable possibility of recovery for the non-diverse plaintiff. *Id.* at 573 (discussing improper joinder of *defendant*). "A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. All disputed issues of fact and any ambiguities of state law must be resolved in Dara's favor. *Id. See also*, *Smith v. Petsmart, Inc.*, No. 06-60497, 2008 U.S. App. LEXIS 10508 at 5 (5th Cir. May 15, 2008) (holding proper joinder because Mississippi law unclear on store manager's liability). "This precludes a federal court from applying an *Erie* analysis in determining a fraudulent joinder

issue." *Marshall v. Kan. City S. Ry.*, 372 F. Supp. 2d 916, 920 (S.D. Miss. 2005).

<u>TIME BAR</u>

Sacred Heart argues that Dara's claims are untimely because they are derivatively time-barred and not saved by fraudulent concealment tolling.

    I.      <u>DERIVATIVE LIMITATIONS</u>

Sacred Heart first argues that Dara is time-barred because his claims are derivative of Michael's. Sacred Heart argues, "The 'discovery rule' does not apply because Dara's claims are derivative of . . . Michael['s], and, as such, Michael's knowledge of the alleged abuse . . . is imputed to Dara." (Resp. at 1); (Resp. Mem. at 1). "Michael's awareness of the alleged abuse is important here because Dara's claims are derivative of Michael's. . . . Dara is no more entitled to raise a latent injury tolling of the statute of limitations than Michael is." (Resp. at 4); (Resp. Mem. at 8). Plaintiffs argue that Dara's statute of limitations are not dependent upon Michael.

"When the only proffered justification for improper joinder is . . . [a] showing . . . equally dispositive of all [plaintiffs] rather than to the [non-diverse plaintiff] alone," there is no improper joinder. *Smallwood*, 385 F.3d at 575. This includes a statute of limitations defense. *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004). Nevertheless, Sacred Heart argues that, although Dara's claims are derivative, his statute of limitations requires a separate analysis. This is inconsistent with Defendants' representation in the prior action where they relied on the identical analysis of the two Plaintiffs' claims. Given Defendants' prior representation, (that Dara's claims are time-barred, *because* Michael's claims are time-barred) this is a common defense under *Smallwood* and insufficient to prove improper joinder.

Sacred Heart seeks to avoid a *Smallwood* problem by asserting that Louisiana law may apply to Dara, unlike Michael. Sacred Heart also argues that Michael was alleged to be under the

3

disabilities of minority and unsound mind, unlike Dara.  If, as Defendants contend, Michael's knowledge is imputed to Dara, the Court will have to consider the implications of Michael's unsound mind/repressed memory claim.  The Court, however, is prevented from engaging in an *Erie* guess when considering whether a claimant is improperly joined.  *Marshall*, 372 F. Supp. 2d at 920.  The Mississippi courts have yet to consider this particular issue.  *Doe v. Roman Catholic Diocese of Jackson*, 947 So. 2d 983 (Miss. Ct. App. 2006), only considered whether the discovery rule and fraudulent concealment tolling applied in a priest sex abuse case.  The *Doe* plaintiff did not argue, and the court did not consider, repressed memory or unsound mind tolling.  Doe did not claim that she was unaware of the abusive acts.  She claimed only that "she did not psychologically comprehend that the priests' acts were abuse." *Id.* at 984.  The court held, "The acts of abuse alleged by Doe are physical acts of which a person is *generally* aware when the event occurs. . . .  Whether or not Doe was mentally capable of understanding the physical acts . . . is not the critical inquiry with the *discovery rule*." *Id.* at 986 (emphasis added).  Mississippi has yet to rule on the implications of unsound mind tolling or repressed memory in an abuse case, or its impact, if any, on a parent's claims.  This Court is prevented from engaging in such a query to consider the propriety of joinder.

    II.       FRAUDULENT CONCEALMENT

Sacred Heart also argues that Dara's claims are untimely because he is not entitled to fraudulent concealment tolling.  Sacred Heart asserts that he can produce no evidence that Sacred Heart fraudulently concealed the abuse.  First, Dara alleges in the Complaint that Sacred Heart fraudulently concealed the abuse from him.  The Court must accept this allegation as true, and there is no evidence to the contrary.  Secondly, this argument does not address the fact that the Complaint alleges that the other named defendants fraudulently concealed the abuse as well.

PRIVITY OF CONTRACT

     Next, Sacred Heart argues that Dara's breach of contract claim against Sacred Heart is misjoined because he lacks privity of contract with Sacred Heart.  First, this argument goes to only one of Dara's claims, so it is insufficient to show that Dara's citizenship should be disregarded for diversity purposes.  Second, Dara's complaint alleges breach of an existing contract between him and Sacred Heart.  Sacred Heart's evidence does not discount the existence of an oral contract.  Third, Sacred Heart acknowledges that this argument does not destroy complete diversity, because it asks the Court to cure non-diversity by dismissing his contract claim against Sacred Heart, severing and remanding his remaining claims, and retaining Michael's.

     **IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' [6] Motion to Remand is **GRANTED**.  The above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

     **IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

     **SO ORDERED AND ADJUDGED** this the 12th day of September, 2008.


                                               *s/ Louis Guirola, Jr.*
                                               LOUIS GUIROLA, JR.
                                               UNITED STATES DISTRICT JUDGE